**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **JUAN PEREZ-SIERRA, A# 243 008 555,** | § | |
| **Petitioner,** | § § § | |
| **v.** | § § | **SA-26-CV-00109-JKP** |
| **MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security, ET AL.,**[1] | § § § § § § | |
| **Respondents.** | § § § | |

### ORDER OF DISMISSAL

Before the Court are *pro se* Petitioner Juan Perez-Sierra's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus, Respondents' Response to Petition, and Respondents' Advisory to the Court. (ECF Nos. 1, 6, 7). After review, the Court orders Perez-Sierra's § 2241 Petition **DISMISSED WITHOUT PREJUDICE AS MOOT**. (ECF No. 1).

#### BACKGROUND

Perez-Sierra was detained by immigration authorities and placed in the Karnes County Immigration Processing Center. (ECF No. 1). While detained, he filed a § 2241 Petition contesting his continued detention. (*Id.*). Upon review, the Court ordered service on Respondents. (ECF No. 3). Respondents filed a Response, but thereafter filed an Advisory in which they state Perez-Sierra was granted voluntary departure and "voluntarily departed the United States under safeguards on or about March 12, 2026" under the Immigration Judge's February 27, 2026 order. (ECF No. 7). The Immigration Judge's order granting "post-conclusion voluntary departure under INA § 240B(b)" is attached to Respondents' Response.

---

[1] Markwayne Mullin became the Secretary of the Department of Homeland Security on March 24, 2026. As a result, he is automatically substituted as a respondent in this action. *See* FED. R. CIV. P. 25(d).

(ECF No. 6, Exh. C). Based on Perez-Sierra's voluntary departure, Respondents contend his Petition is moot. (ECF No. 7).

## ANALYSIS

"Article III of the Constitution limits federal 'Judicial Power,' to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980); *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). A case becomes moot, depriving the Court of power, "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Geraghty*, 445 U.S. at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)); *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 92 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (per curiam)). A party must continue to have a personal stake in the outcome of the lawsuit. *TransUnion LLC*, 594 U.S. at 423; *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). In other words, a party seeking relief must have suffered, or be threatened with, an actual injury that is likely to be redressed by a favorable judicial decision. *TransUnion LLC*, 594 U.S. at 423; *Spencer*, 523 U.S. at 7. In the absence of an actual injury that is likely to be redressed by a favorable judicial decision, the matter becomes moot and subject to dismissal. *See Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *Shemwell v. City of McKinney, Tex.*, 63 F.4th 480, 483 (5th Cir. 2023).

In his Petition, Perez-Sierra seeks release from detention. (ECF No. 1). However, he is no longer detained by immigration authorities, having voluntarily departed the United States pursuant to the Immigration Judge's order. (ECF No. 6, Exh. C; 7). Because Perez-Sierra has voluntarily departed the United States, i.e., is no longer detained, the relief he seeks is no longer available. In other words, the Court can no longer redress his alleged injury with a favorable judicial decision. *See TransUnion LLC*, 594 U.S. at 423; *Spencer*, 523 U.S. at 7. Accordingly,

Perez-Sierra's claim for relief is moot and his Petition is subject to dismissal. *See Bacilio–Sabastian v. Barr*, 980 F.3d 480, 483–84 (5th Cir. 2020) (holding petitioners' habeas claims were properly dismissed as moot after they were released from detention); *see also Lewis*, 494 U.S. at 477; *Shemwell*, 63 F.4th at 483.

### CONCLUSION

Perez-Sierra has voluntarily departed the United States and is no longer detained. The Court can no longer provide Perez-Sierra with the requested relief, i.e., release from detention. Accordingly, the Court finds Perez-Sierra's § 2241 Petition is subject to dismissal without prejudice as moot.

**IT IS THEREFORE ORDERED** that *pro se* Petitioner Juan Perez-Sierra's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE AS MOOT**.

It is so **ORDERED**.

SIGNED this 8th day of April, 2026.

JASON PULLIAM
UNITED STATES DISTRICT JUDGE

3